UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DREON L.,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTION CENTER; et al.,

Respondents.

No. 1:26-cv-04249-TLN-CKD

A # 221-486-088

**ORDER**

This matter is before the Court on Petitioner Dreon L.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus, Motion for Immediate Release, and Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1, 2, 9.) Respondents filed a Motion to Dismiss and Opposition. (ECF No. 7.) For the reasons set forth below, Petitioner's Habeas Petition is GRANTED.[2] (ECF No. 1.) Petitioner's Motion for Immediate Release and Motion for TRO are DENIED as moot. (ECF Nos. 2, 9.) Respondents' Motion to Dismiss is DENIED. (ECF No. 7.)

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] On June 18, 2026, the Court issued a minute order granting Petitioner's Habeas Petition and ordering his immediate release. (ECF No. 10.) This order explains the Court's reasoning.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States lawfully on or around January 1, 2023, as a temporary visitor based on his valid passport from his country of citizenship. (ECF No. 7 at 2; ECF No. 9-4 at 1.) He was authorized to stay in the United States until June 30, 2023. (ECF No. 7 at 2.) Following his entry into the United States, Petitioner lived in Fort Lauderdale, Florida. (ECF No. 9-4 at 1.) Petitioner has a long-term girlfriend with whom he shares a young daughter. (*Id.*) Both his girlfriend and daughter live in the United States and applied for and were granted asylum. (*Id.*) Prior to his detention, Petitioner worked regularly to provide for his daughter. (*Id.*)

In 2024, Petitioner pled guilty to a misdemeanor DUI and was sentenced to one year of probation. (ECF No. 9 at 3–4.) He completed all conditions of his probation. (*Id.* at 4.) Petitioner was scheduled to appear in court to have his probation dismissed/terminated, but he arrived late to court due to unexpected transportation problems. (*Id.*) A bench warrant was issued, and he was picked up on the warrant by Fort Lauderdale police on December 29, 2025. (*Id.*) He appeared in court for his misdemeanor case, in custody, on January 1, 2026. (*Id.*) At a subsequent hearing on January 5, 2026, Petitioner's probation was terminated successfully and the judge ordered him released from custody. (*Id.*) Despite being ordered released, Petitioner was held for two days and then picked up by U.S. Immigration and Customs Enforcement. (*Id.*) He was issued a Notice to Appear and placed in removal proceedings. (ECF No. 7 at 14–15.) After his initial detention in Florida, Petitioner was transferred between detention facilities in Louisiana, Texas, and Arizona, before arriving to California City. (ECF No. 9-4 at 2.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on June 3, 2026. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 2–3.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 2.)  In opposition, Respondents argue that Petitioner is lawfully detained pending removal proceedings under 8 U.S.C. § 1226(a).[3]  (ECF No. 7 at 6–7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the

---

[3]   Respondents also argue the Habeas Petition should be denied for Petitioner's failure to exhaust administrative remedies.  (ECF No. 7 at 2–4.)  After considering the factors articulated in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Court finds prudential exhaustion is not required here.  First, an administrative appellate record is not necessary to reach a proper decision on Petitioner's due process claim.  Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures.  *Hernandez*, 872 F.3d at 989 (*citing Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)).  Finally, the Court finds it unlikely the agency will correct its own mistake upon further review.

3

procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  Petitioner lawfully entered the United States over three years ago, and in that time built a life working and supporting his girlfriend and daughter.  Even if his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.  Respondents do not challenge Petitioner's liberty interest. (*See generally* ECF No. 7.)  Accordingly, Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

B.    Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty

that is unquestionably affected by the government's actions detaining him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe v. Becerra* (*Doe I*), 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes.  *Hernandez*, 872 F.3d at 990.  Although Petitioner has a prior misdemeanor conviction, Respondents do not argue he is a danger to the public or a flight risk.  As Petitioner has satisfied the conditions of his probation, was ordered released from custody from the judge in his misdemeanor case, and has demonstrated ties to United States with his girlfriend and daughter, the risk that Petitioner is being detained without proper justification is exceedingly high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low.  The effort and cost required to provide Petitioner procedural safeguards are minimal.  *See Doe I*, 787 F. Supp. 3d at 1094.  Notice and custody determination hearings are routine processes for Respondents.  Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.  Respondents set forth no legitimate interest in detaining Petitioner without these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention.  He received neither.  Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

///

5

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.   **Within two (2) court days** from the date of this Order, Respondents shall file a notice certifying compliance with the Court's order that Petitioner Dreon L. (A # 221-486-088) be immediately released from custody.  (ECF No. 10.)

2.   Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.   Petitioner's Motion for Immediate Release and Motion for TRO are DENIED as moot.  (ECF Nos. 2, 9.)

4.   Respondents' Motion to Dismiss is DENIED.  (ECF No. 7.)

5.   The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

6